UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**NICHOLAS GASBARRO,**

    Plaintiff,

vs.                                                  CASE NO. 22-CV-60536

**CITY OF HOLLYWOOD**,
a municipality

    Defendant.
_____/

## COMPLAINT

Plaintiff, **NICHOLAS GASBARRO** ("Plaintiff"), by and through the undersigned counsel and pursuant to Title VII of the Civil Rights Act of 1964, (Title VII) , and Florida Commission on Human Rights hereby sues the Defendant, **CITY OF HOLLYWOOD** (herein after "Defendant or **HOLLYWOOD**") and as grounds states the following:

1. Plaintiff was at all times material an employee of Defendant, **HOLLYWOOD.** Starting on January 2020, Defendant unlawfully retaliated against Plaintiff during his performance as Treatment Plant Mechanic I due to Defendant's unlawful discriminatory employment practices against the Plaintiff's domestic partner, Cindy Naraine on the basis of Race/Gender, to wit: The Plaintiff was supportive of his Domestic partner as she engaged in protected activity, complaints of discrimination.

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 under Title VII. The Court has supplemental jurisdiction pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. §1367.

3. At all times material hereto, Defendant, **HOLLYWOOD** was a municipality

organized under the laws of the state of Florida as **CITY OF HOLLYWOOD**. The Defendant also has more than five hundred (500) employees.

4. The Plaintiff **NICHOLAS GASBARRO** has exhausted his administrative remedies and otherwise complied with all conditions precedent to the filing of this action, including, the filing of his complaint with the Equal Employment Opportunity Commission (EEOC) on or about March 2021. Plaintiff received a Notice of Dismissal and Notice of Rights containing the Plaintiff's right to sue within ninety days of receipt of said dismissal and notice of rights.

5. This Court has jurisdiction in Florida as the Defendant, **HOLLYWOOD** is a municipality that conducts, operates and carries on business in the State of Florida as a municipality it is organized by the laws of the state of Florida and has committed unlawful acts in Florida and has conducted substantial, and not isolated activities within the State of Florida.

### FACTUAL ALLEGATIONS AS TO ALL COUNTS

6. Plaintiff, **NICHOLAS GASBARRO** is a 40 year old white male and resident of Broward County, Florida.

7. On August 14, 2018 Defendant, **HOLLYWOOD,** hired the Plaintiff for a position of Treatment Plant Mechanic I.

8. The Plaintiff's domestic partner, Cindy Naraine, with whom the Plaintiff has 4 children, was also an employee of the Defendant, **HOLLYWOOD,** and on or around January 2019 the Plaintiff's domestic partner was transferred to the Fire Department after five years as an administrative **CITY OF HOLLYWOOD** employee.

9. On January 7, 2019 the Plaintiff filed a request for an accommodation to his work

schedule. The Plaintiff and his domestic partner required before and after school care for 2 of their 4 children and the Plaintiff qualified for the requested accommodation.

10. During 2019 the Plaintiff's request for accommodation to the Plaintiff's schedule was granted on a temporary basis.

11. In September 2019, prior to the expiration of the temporary accommodation the Plaintiff applied for an extension of the hardship schedule change.

12. During a meeting with Human Resources in September 2019, the HR manager Kathy Negron Lopez suggested to the Plaintiff that his female domestic partner, Cindy Naraine should make the request schedule change since she was a woman.

13. The Plaintiff was puzzled by the comment as his domestic partner did not make the request. Further it was puzzling as it was impossible to adjust his domestic partner's schedule because she was a Firefighter and the collective bargaining agreement did not allow for the work schedule accommodation for a Firefighter as suggested by the HR employee.

14. Plaintiff repeatedly told his supervisor, Mr. Mathis, and HR Manager that he only wanted fair consideration for the hardship schedule accommodation routinely given to similarly situated city employees.

15. On January 16, 2020 the Plaintiff's domestic partner was terminated from her position with no explanation. On February 15, 2020 the Defendant, **HOLLYWOOD**, received a notice of discrimination based upon race and gender, from the Plaintiff's Domestic Partner, Cindy Naraine.

16. After the Plaintiff's domestic Partner filed her complaint of discrimination, the Defendant denied overtime opportunities to the Plaintiff. In August 2020 the

Defendant falsely accused the Plaintiff of staring at co-workers. In September 2020 the Defendant falsely accused the Plaintiff of "poor workplace communication" and was told again that he was staring at co-workers. Both issues were false.

17. In October 2020 the Plaintiff applied for promotion to Wastewater Maintenance Superintendent for the Wastewater Treatment Plant. Even though the Plaintiff was listed at the top of the applicant list he was not promoted.

18. The Defendant trumped up allegations of misconduct including a false allegation of "causing trouble" with his "wife's claim." When the Plaintiff confronted Mr. Mathis with the issues the Plaintiff's supervisor ordered the Plaintiff to drug and alcohol screening without explanation or cause.

19. Weeks later the Plaintiff was denied the opportunity to fairly compete in and interview for the Civil Service Water Maintenance Superintendent position despite his superior qualifications.

20. The jobs the Plaintiff applied for and to which he was rejected, were filled with employees lower on the civil service list with less experience and training.

21. On February 17, 2021 the Plaintiff's domestic partner, Cindy Naraine, served her lawsuit for discrimination upon the Defendant. On March 2, 2021 The Plaintiff was reassigned to a job at a different division and location, without explanation or notice. Further during the reassignment, the Plaintiff was stripped of his city issued vehicle, keys and tools.

22. Plaintiff felt shocked, singled out, embarrassed, helpless and treated unfairly as he only wished to obtain a reasonable accommodation and to support his domestic partner.

23. The Defendant's reasoning for denying promotion of the Plaintiff were merely

pretextual, instead for a more sinister motive, the Plaintiff's connection to his partner Cindy Naraine, a black woman in a protected class who complained of discrimination.

24. Plaintiff felt extremely degraded, victimized, humiliated, and emotionally distressed.

25. Defendant retaliated against Plaintiff for having had a partner who complained of discrimination, after she was terminated and filed a lawsuit.

26. Defendant's discriminatory and retaliatory conduct was so unfair and extreme, that it caused severe emotional distress, aggravated anxiety/depression, both financial emotional harm and the conduct was willful, intentional, and designed to and in fact did harm the Plaintiff.

27. Defendant's actions constituted a continuing violation under the applicable Federal, State laws.

28. The above are just some of the examples of the pattern and practice of unlawful, retaliatory conduct to which Defendant subjected Plaintiff for the protected activity, and the Plaintiff's relationship with his domestic partner, Cindy Naraine.

**COUNT I: RETALIATION UNDER TITLE VII – 42 U.S.C. § 2000e-3(a)**

Plaintiff, **NICHOLAS GASBARRO** re-alleges and incorporates herein by reference the allegations contained in paragraphs 1 through 28 as if set forth fully herein.

29. During 2020 and 2021 the Plaintiff and his domestic partner engaged in protected activity including the domestic partners filing of a charge/complaint with the EEOC and the Plaintiff, **NICHOLAS GASBARRO** supported his female partner's right to complain of discrimination based upon his domestic partner's race, and gender.

30. During 2020 and 2021 the Plaintiff was told by **CITY OF HOLLYWOOD** employees that his domestic partner should drop the discrimination claims. One such statement

was made on December 10, 2020 by Jonathan Witherspoon, (Mechanic II). Mr. Witherspoon confronted the Plaintiff in the parking lot behind the mechanic shop. Mr. Witherspoon stated, "I do not know what the F__k you got going on at home but you got to leave that f__king s__t there." The Plaintiff felt threatened by the tone and posture of Mr. Witherspoon. After the Plaintiff complained about the incident the Plaintiff's supervisor made the Plaintiff take a drug/alcohol test. Mr. Witherspoon was not tested. The Plaintiff's test was negative for both drugs and alcohol.

31. Defendant **CITY OF HOLLYWOOD** subjected the Plaintiff to adverse employment action including but not limited to denying promotions, refusing to allow reasonable schedule change. The Defendant initiated unwarranted and false complaints against the Plaintiff to threaten his job security and pressure the Plaintiff to not support his Domestic Partner's discrimination claims.

32. The Defendant **CITY OF HOLLYWOOD** subjected the Plaintiff to adverse employment action because the Plaintiff supported his domestic partner in her discrimination claim.

33. The adverse employment action by the Defendant would not have occurred but for the Plaintiff and his domestic partner's participation in the protected activity and due to the Plaintiff's support for his partner's discrimination claims.

34. Defendant initially granted Plaintiff's request for schedule change but however, in late 2020 when it became clear the Defendant had discriminatory animus, the Defendant retaliated against the Plaintiff, denied overtime, reprimanded him, refused to promote him and singled him out by transferring him, and taking away work tools, keys and city issued vehicle.

35. As a direct and proximate result of the Defendant's conduct, the Plaintiff suffered economic damages and was embarrassed and humiliated.

36. The Defendant's actions described herein were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

37. The Plaintiff was injured due to Defendant's willful violations of the Title VII, to which the Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff **NICHOLAS GASBARRO** demands trial by jury, and requests this Court to:

   a. Enter a judgment that Defendant's adverse employment action was in violation of the Title VII;

   b. Enjoin and permanently restrain Defendant from further violations of the Title VII;

   c. Direct Defendant to promote Plaintiff with full seniority to an equivalent position as if he had been promoted, with back pay plus interest, pension rights and all benefits or, in the alternative enter a judgment pursuant to Title VII against the Defendant and in favor of Plaintiff for the monetary losses he suffered as a direct result of Defendant's violation of the Title VII;

   d. Enter a judgment pursuant to Title VII against the Defendant and in favor of Plaintiff for all damages, including liquidated damages, interest, reasonable attorney's fees and costs incurred by Plaintiff for this action;

   e. Award any additional relief to which he is entitled.

## COUNT II: FOR RETALIATION UNDER FLORIDA LAW STATE LAW §760 ET SEQ.

38. Plaintiff, **NICHOLAS GASBARRO** re-alleges and incorporates herein by reference

the allegations contained in paragraphs 1 through 28 as if set forth fully herein.

39. During 2020 and 2021 the Plaintiff and his domestic partner engaged in protected activity including supporting his female partner's right to complain of discrimination based upon his domestic partner's race, and gender.

40. During 2020 and 2021 the Plaintiff was told by **CITY OF HOLLYWOOD** employees that his domestic partner should drop the discrimination claims. One such statement was made on December 10, 2020 by Jonathan Witherspoon, (Mechanic II). Mr. Witherspoon confronted the Plaintiff in the parking lot behind the mechanic shop. Mr. Witherspoon stated, "I do not know what the F__k you got going on at home but you got to leave that f__king s__t there." The Plaintiff felt threatened by the tone and posture of Mr. Witherspoon. After the Plaintiff complained about the incident the Plaintiff's supervisor made the Plaintiff take a drug/alcohol test. Mr. Witherspoon was not tested. The Plaintiff's test was negative for both drugs and alcohol.

41. Defendant **CITY OF HOLLYWOOD** subjected the Plaintiff to adverse employment action including but not limited to denying promotions, refusing to allow reasonable schedule change. The Defendant initiated unwarranted and false complaints against the Plaintiff to threaten his job security and pressure the Plaintiff to not support his Domestic Partner's discrimination claims.

42. The Defendant **CITY OF HOLLYWOOD** subjected the Plaintiff to adverse employment action because the Plaintiff supported his domestic partner in her discrimination claim.

43. The adverse employment action by the Defendant would not have occurred but for the Plaintiff and his domestic partner's participation in the protected activity and due to

the Plaintiff's support for his partner's discrimination claims.

44. Defendant initially granted Plaintiff's request for schedule change but however, in late 2020 when it became clear the Defendant had discriminatory animus, Defendant retaliated against the Plaintiff, reprimanded him, denied overtime, refused to promote him and singled him out by transferring him, and taking away work tools, keys and city issued vehicle.

45. As a direct and proximate result of the Defendant's conduct, the Plaintiff suffered damages.

46. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

47. Plaintiff was injured due to Defendant's willful violations of the Florida Civil Rights Act, to which he is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff **NICHOLAS GASBARRO** demands trial by jury, and requests this Court to:

a. Declare that Defendant **CITY OF HOLLYWOOD** unlawfully retaliated against Plaintiff in violation of the Florida Civil Rights Act; and

b. Issue an order prohibiting further retaliation; and

c. Order equitable relief, including but not limited to back pay, promoting/reinstating Plaintiff with all promotions and seniority rights to which he is entitled, and all other equitable relief provided in Florida Law §760, *et seq.*;

d. Award Plaintiff all compensatory damages provided for in Florida Law §760; and

e. Award Plaintiff his costs, attorney's fees and such other relief as the Court deems proper.

f. Trial by jury on all issues so triable.

Respectfully submitted on this 12 day of March 2022,

**LAW OFFICES OF RICHARD J. CALDWELL, P.A.**
Attorneys for Plaintiff
66 West Flagler Street, Suite 601
Miami, Florida 33130
Tel: (305) 529-1040
Facsimile: (305) 529-1995
Email: richard@caldwell.legal
rjcaldwellpa@gmail.com
assistant@caldwell.legal


By:   /S/Richard J. Caldwell
        Richard J. Caldwell, Esq.
        Florida Bar No. 825654